**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Louis Rudisill,<br><br>Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Defendants. | No. CV-17-00033-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Extend Deadline for Defendant Ryan to Respond to Plaintiff's "Second Request for Production of Documents from Defendant Charles L. Ryan" Dated February 8, 2019. (Doc. 109). Plaintiff propounded his second set of requests for production upon Defendant Ryan on February 8, 2019. Counsel for Defendant Ryan states that they require additional time to research, procure, and redact the vast array of documents sought in Plaintiff's requests. On March 14, 2019, Plaintiff filed an objection (Doc. 110) to Counsel's Motion to Extend, claiming that counsel's request was untimely. Defendants filed a reply (Doc. 111), alleging that, under Fed. R. Civ. P. 34 and Fed. R. Civ. P. 6, their request was timely.

Plaintiff propounded his discovery requests on February 8, 2019. Ordinarily, a party has 30 days after being served with discovery requests to respond. *See* Fed. R. Civ. P. 34(b)(2)(A). Therefore, Defendant Ryan had until March 11, 2019 to respond to Plaintiff's discovery requests. However, since Plaintiff transmitted his discovery requests through mail, Fed. R. Civ. P. 6(d) instructs that three (3) days are added after the period would

otherwise expire. Therefore, Defendants had until March 14, 2019 to respond to Plaintiff's discovery requests. Defendants filed the underlying Motion to Extend on March 12, 2019.

Plaintiff contends that Defendants' request was untimely due to the "prison mailbox rule." Under that rule, "a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). Plaintiff alleges that courts "have generally applied this 'prison mailbox' Rule to other civil litigation deadlines as well, including the filing of the complaint." (Doc. 110, pg. 3). Despite that contention, Plaintiff provides no support showing that the rule has been applied to discovery requests propounded by a prisoner. The idea behind the rule is presumably to avoid prejudice to prisoners who have no control of the transit of their legal documents once they are transmitted to the care of prison authorities. If the rule was applied to Plaintiff's discovery requests, it would not only fail to fulfill its original purpose, but would also effectively deprive Defendants of their rightful time-frame to respond as prescribed by Fed. R. Civ. P. 34(b)(2)(A). Therefore, the Court finds the "prison mailbox rule" does not apply to Plaintiff's discovery requests and finds Defendants' request to be timely.

Furthermore, the Court finds that Defendants' request is reasonable. Although it is the subject of a separate motion (Doc. 108), the Court is concerned by the sheer volume of Plaintiff's discovery requests. In total, to date, Plaintiff has propounded 479 separate discovery requests upon Defendants. *Id.* at 5. This is a staggering number and the Court finds that Defendants have more than shown good cause for a two-week extension of time.

IT IS HEREBY ORDERED:

1. Defendants' Motion to Extend Deadline (Doc. 109) is **granted**.
2. Defendants have until March 28, 2019 for Defendant Ryan to respond to Plaintiff's Second Set of Requests for Production dated February 8, 2019.

Dated this 19th day of March, 2019.

*[signature]*
Honorable Cindy K. Jorgenson
United States District Judge